Kristin F. Ruether, ISB #7914
PO Box 195
Boise, ID 83701
(208) 440-1930
kristinruether@gmail.com

Maria Andrade, ISB 6445
Immigrant Justice Idaho
3775 W Cassia St
Boise ID 83705
(208) 342-0434
m.andrade@immigrantjusticeidaho.org

Rose-Hermance Rony, ISB #11331
451 N Liberty Street #C103
Boise, Idaho 83704
(208) 391-3764
missroserony@gmail.com

Attorneys for Plaintiff (Pro Bono)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **CECILIA J. BONOWEME**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY** and **U.S. CITIZENSHIP AND IMMIGRATION SERVICES**, <br><br> Defendants. | Civ. No. 1:21-cv-63 <br><br> **COMPLAINT** |

# INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*., to compel the U.S. Department of Homeland Security and the U.S. Citizenship and

Immigration Services ("USCIS") to produce documents related to Plaintiff Cecilia J. Bonoweme ("Ms. Bonoweme").

2. Ms. Bonoweme is from the Republic of Congo. She fled her country after enduring horrific sexual violence there. She came to the U.S. on a tourist visa and applied to USCIS for asylum. USCIS referred her case to U.S. Immigration and Customs Enforcement ("ICE") to initiate removal (deportation) proceedings. Ms. Bonoweme needs the entirety of her immigration file, known as her Alien file or A-file, to prepare for her removal hearing, which is currently scheduled for May 10, 2021.

3. The Ninth Circuit has held that the Immigration and Nationality Act (INA) is a "mandatory access law" that requires the government to provide respondents in removal proceedings with their A-file.

4. However, Ms. Bonoweme has attempted to procure the entirety of her A-file several times and each time, the government has refused.

5. Her attempts included two separate FOIA requests to USCIS, dated April 2, 2019 and October 30, 2019. However, in response to both requests, USCIS redacted and withheld key documents that Ms. Bonoweme needs for her defense—including the document explaining the reasons for the referral to ICE. Ms. Bonoweme submitted administrative appeals to USCIS, but USCIS largely upheld its redactions and withholdings.

6. Ms. Bonoweme seeks a court order (1) declaring that Defendants' failure to adequately respond to her requests for documents violates the FOIA, and (2) ordering Defendants to immediately produce the requested records.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), as well as under 28 U.S.C. § 1331 because this action arises under the FOIA and the Declaratory

Judgment Act, 28 U.S.C. § 2201 *et seq.*

8. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 because Plaintiff Ms. Bonoweme resides in this judicial district and a substantial part of the events or omissions giving rise to the claims herein (namely, the submission of the requests) occurred within the district.

**PARTIES**

9. Plaintiff Ms. Bonoweme is a resident of Meridian, Idaho. She is married and has three minor children, all of whom are U.S. citizens.

10. Defendant U.S. Department of Homeland Security ("DHS") is an agency of the executive branch of the United States government that oversees the U.S. Immigrations and Customs Enforcement and U.S. Citizenship and Immigration Services. It has possession of and control over the records Plaintiff seeks, and as such, it is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

11. Defendant U.S. Citizenship and Immigration Services ("USCIS") is an agency of the executive branch of the United States government. It has possession of and control over records Plaintiff seeks, and as such, it is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

**THE FOIA**

12. FOIA was enacted to enable full agency disclosure unless the information south is "exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). Congress established FOIA with the belief that put into practice, the policy would help 'ensure an informed citizenry, vital to the functioning of a democratic society.' *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

13. FOIA requires that federal agencies shall determine within twenty business days

of receiving a request whether to comply with it. 5 U.S.C. § 552(a)(6)(A). In making such a determination, the agency "shall immediately notify the [requester] of such determination and the reasons, therefore, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). *See Citizens for Responsibility and Ethics in Wash. v. Federal Election Com'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) (*CREW v. FEC*). The FOIA provides that "[u]pon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(C)(i).

14. An untimely determination or response is a violation of FOIA, regardless of the final outcome of the request. *Gilmore v. U.S. Dept. of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998), *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006).

15. An agency may avoid disclosure of information responsive to a FOIA request only if the agency proves that the requested documents fall within one of the nine enumerated exemptions to the general disclosure requirement. 5 U.S.C. § 552(b)(1)–(9). FOIA requires an agency withholding information responsive to a FOIA request to provide the requester with "the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

16. Consistent with encouraging disclosure, the exemptions under § 552(b) are discretionary, not mandatory. *Chrysler Corp. v. Brown*, 441 U.S. 281, 291 (1979). "Subsection (b), 5 U.S.C. § 552(b), which lists the exemptions, simply states that the specified material is not subject to the disclosure obligations set out in subsection (a). By its terms, subsection (b) demarcates the agency's obligation to disclose; it does not foreclose disclosure." *Id*. at 292.

17. An agency bears the burden of proving that a requested document falls within one of the nine exemptions. *See Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992) ("Under

FOIA, 'the burden is on the agency to sustain its action.'"); *Assembly of State of California v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) ("The government has the burden to prove that a requested document falls within one of FOIA's exemptions.").

18. Given the policy behind the FOIA, the federal courts have consistently refused to allow agencies to meet their burden of proving the requested documents fall within one of the FOIA's exemptions by making conclusory and generalized allegations of confidentiality. "We repeat, once again, that conclusory assertions of privilege will not suffice to carry the Government's burden of proof in defending FOIA cases." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980); *see also Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990) ("The district court must determine whether all of the requested materials fall within an exemption to the FOIA and may not simply conclude that an entire file or body of information is protected without consideration of the component parts.").

19. "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." *Anderson,* 907 F.2d at 941. Agencies cannot simply redact entire records or pages if a small portion is subject to an exemption. *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("If a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions.") (quoting 5 U.S.C. § 552(b)). "[T]he exemptions to the FOIA do not apply wholesale. An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears." *Arieff v. Dep't of the Navy*, 712 F.2d 1462, 1466 (D.C. Cir. 1983).

20. A U.S. district court has jurisdiction "to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

21. Requesters may appeal any adverse determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i), *Khine v. United States Dep't of Homeland Sec.*, 943 F.3d 959, 963 (D.C. Cir. 2019).

## STATEMENT OF FACTS

22. Ms. Bonoweme filed an affirmative Application for Asylum (Form I-589) to USCIS on or around May 8, 2014. USCIS interviewed her.

23. DHS issued a "Notice to Appear" to Ms. Bonoweme dated October 9, 2018, which initiated removal proceedings against Ms. Bonoweme.

24. On October 10, 2018, USCIS issued a two-page "Referral Notice" referring Ms. Bonoweme's asylum application to Immigration Court. It stated that her claim was deemed not credible on the basis of: "[m]aterial inconsistency(ies) between your testimony and application and/or other evidence" and "[m]aterial inconsistency(ies) within your testimony."

25. Ms. Bonoweme (through counsel) filed a FOIA request to USCIS for her A-file on or around April 2, 2019 (NRC2019515774). The request included a G-28 (Notice of Entry of Appearance as Attorney) for counsel as well as a notarized authorization to release information to counsel.

26. By letter dated May 25, 2019, USCIS responded to the FOIA request. The responsive documents from USCIS were significantly redacted, with 457 pages released in their entirety, 18 pages withheld in full, 58 pages withheld in part, and five pages referred to ICE. USCIS invoked FOIA exceptions (b)(5) (inter-agency or intra-agency memorandums or letters), (b)(6) (information that would constitute a clearly unwarranted invasion of personal privacy), (b)(3) (information exempted from disclosure by statute), (b)(7)(E) (records/ information which

would disclose law enforcement techniques/ procedures), and (b)(7)(C) (personal information in law enforcement records).

27. Among the redacted documents was USCIS's "Assessment to Refer Asylum Application." This is a document explaining why her asylum application was referred to ICE. While the first two pages were produced, two subsequent pages were entirely redacted, with only "(b)(5)" pasted on the pages. The redacted pages explain which of her statements were allegedly inconsistent and why she was found to be not credible. As such, this is a key document Ms. Bonoweme needs for her defense. Other documents about the assessment of her claim are similarly reacted.

28. USCIS further referred certain pages to ICE.[1]

29. On July 9, 2019, Ms. Bonoweme (through counsel) filed an appeal of that FOIA response (APP2019500692).

30. On July 5, 2019, Ms. Bonoweme's counsel filed a "Dent request" to counsel for DHS/ICE (also known as Office of Chief Counsel). A Dent request is a request for an A-file based on *Dent v. Holder*, 627 F.3d 365 (9th Cir. 2010), which held that under the Immigration and Nationality Act, the government is obligated to provide noncitizens in immigration proceedings with their A-file upon request. Her counsel explained that due to the redactions in the FOIA response, he lacked key documents for her defense, and needed the complete A-file.

31. On July 31, 2019, Ms. Bonoweme had a hearing on her removal case before Immigration Judge Joseph T. Leonard. At that hearing, Ms. Bonoweme prepared to testify, and counsel for DHS/ICE indicated they might introduce documents from her A-file into evidence for impeachment purposes against her. Ms. Bonoweme's counsel objected on the basis that they

---

[1] Responses to this referral, known as 2020-ICFO-69168, have continued to dribble in for over a year and a half. ICE sent the latest batch of responsive documents on January 21, 2021.

had not received all documents in her A-file, and it would be fundamentally unfair not to have access to documents used for impeachment. Judge Leonard continued the hearing such that Ms. Bonoweme's counsel could attempt to obtain the documents from DHS/ICE counsel.

32. By letter dated August 8, 2019, DHS/ICE counsel responded to the Dent request, refusing to produce the A-file and stating it had already been fulfilled through FOIA. The letter stated "[y]ou are always free to renew your FOIA request or seek further clarification through the FOIA process."

33. By letter dated September 19, 2019, USCIS made a determination on FOIA appeal APP2019500692, releasing only two additional pages, upholding the remainder of the redactions, and stating judicial review was available.

34. On October 30, 2019, Ms. Bonoweme (through counsel) submitted another FOIA request to USCIS. The request included a G-28 (Notice of Entry of Appearance as Attorney) for counsel as well as a notarized authorization to release information to counsel. The request again asked for Ms. Bonoweme's entire A-file, including all records related to tourist visas and asylum interviews (including officer notes and referral to ICE).

35. By letter dated November 25, 2019, USCIS acknowledged receiving the request on November 6, 2019 and identified the request as NRC2019650434.

36. By letter dated January 22, 2020, USCIS responded with 958 pages in their entirety, withholding 16 pages in full and 62 pages in part.

37. USCIS's response letter stated that it was applying the following exemptions: (b)(3) (information exempted from disclosure by statute), (b)(5) (inter-agency or intra-agency memorandums or letters), (b)(7)(C) (personal information in law enforcement records), and (b)(7)(E) (records/ information which would disclose law enforcement techniques/ procedures).

38. The fully withheld pages were blank, save for the following text: "PAGE WITHHELD PURSUANT TO," after which typically two exemption codes were listed, e.g., "(b)(3) (b)(7)(e)." Items were not segregated on these pages nor was any explanation provided as to why not. Many large blocks of text suffered the same fate, with only an exemption code pasted over the area.

39. USCIS further referred eight pages to ICE.

40. On April 12, 2020, Ms. Bonoweme requested an update from ICE on the eight referred pages. ICE responded with a boilerplate statement that the request "it is part of a backlog of requests received by this office." Ms. Bonoweme's counsel responded by requesting an estimated completion date. ICE did not respond.

41. On April 16, 2020, Ms. Bonoweme (through counsel) submitted a FOIA appeal to USCIS. The appeal contested (1) USCIS's failure to provide the 8 pages referred to ICE, failure to make any determination on those pages, or even provide an estimated completion date; (2) USCIS's redaction and withholding of documents without sufficient explanation or justification; and (3) USCIS's failure to conduct an adequate search.

42. By letter dated May 1, 2020, USCIS acknowledged receiving the appeal on April 30, 2020 and identified the appeal as APP2020000739.

43. By letter dated May 14, 2020, USCIS sent a letter acknowledging receiving a "request for information relating to Cecilia Bonoweme on May 8, 2020" and identifying the request as PPO2020000100. USCIS apparently considered FOIA appeal APP2020000739 to be a new FOIA request.

44. By letter dated June 4, 2020, USCIS responded to appeal APP2020000739. With respect to the redactions claim, it included a "supplemental release" of nine pages released in

part and one page in full. The letter asserted that the remaining redacted items were properly withheld and not appropriate for discretionary release. The letter claimed generally that it was applying the following exemptions:  (b)(6) (information about individuals in personnel, medical and similar files); (b)(7)(C) (personal information in law enforcement records), and (b)(7)(E) (records/ information which would disclose law enforcement techniques/ procedures).

45.  The supplemental release included a single page (the first page) of the "Assessment to Refer Asylum Application." No further pages of the document were included, even in redacted form. USCIS provided no explanation of why only the first page was produced, or under what rationale or exception the remaining pages of the document were being withheld. USCIS provided no rationale for why the document was treated differently from Ms. Bonoweme's prior FOIA request (in which two pages were released, and the remainder withheld under exception (b)(5)).

46.  With respect to the referral to ICE, USCIS's appeal response stated that the requester should continue to seek redress with ICE. With respect to the request for a second search for responsive records, USCIS "remanded a portion of your request to the National Records Center for further search and direct response to you."

47.  On July 13, 2020, the USCIS National Records Center produced a second supplemental release of 76 pages (including 14 pages released in part), stating it was in response to request PPO2020000100. The documents concerned Ms. Bonoweme's employment card renewals.

48.  On August 25, 2020, Ms. Bonoweme appealed the second supplemental production, for continuing to redact/withhold information without sufficient justification, and for continuing to fail to conduct an adequate search (namely, for still failing to produce the

documents referred to ICE).

49. By letter dated September 22, 2020, USCIS denied the appeal and stated Ms. Bonoweme may seek judicial review.

50. On October 19, 2020, Ms. Bonoweme again asked ICE for an update and estimated completion date on the eight referred pages.

51. On October 27, 2020, Ms. Bonoweme finally received the eight referred pages from ICE. It consists of four pages of correspondence between her counsel and ICE; a "Background Check Registry" with the entire substance of the document redacted (stating only "(b)(6); (b)(7)(C); (b)(7)(E)"); and three pages of mostly blank "EARM Search Results."

52. Defendants continue to withhold documents and portions of documents that Ms. Bonoweme needs for her removal defense.

**FIRST CLAIM FOR RELIEF: Violations of FOIA – October 30, 2019 FOIA Request**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs.

54. Defendants DHS and USCIS violated FOIA and DHS's FOIA regulations in multiple respects by failing to provide Ms. Bonoweme with a full and adequate response to her October 30, 2019 FOIA request and appeals,[2] including but not limited to the following.

55. Defendants DHS and USCIS violated Ms. Bonoweme's rights under FOIA by failing to comply with the Act's decision deadlines and by thus constructively withholding information responsive to the FOIA requests and appeals. USCIS took nearly one year to provide the responsive documents, and further responsive documents remain outstanding.

56. Ms. Bonoweme has a statutory right to the records she seeks, which are "agency

---

[2] This includes: FOIA request NRC2019650434, ICE referral 2020-ICFO-87595, FOIA appeal APP2020000739 (which USCIS apparently also considered a FOIA request), and FOIA appeal PPO2020000100.

11

records" within the meaning of FOIA, and there is no legal basis on which to apply any of FOIA's nine disclosure exemptions. 5 U.S.C. § 552(b)(l)-(9).

57. Defendants DHS and USCIS violated Ms. Bonoweme's rights under FOIA by unlawfully withholding records and portions of records responsive to her FOIA requests and appeals.

58. USCIS failed to adequately state the reasons for withholding documents and portions of documents. Ms. Bonoweme has a statutory right to have USCIS establish why a piece of redacted information is exempted from release. 5 U.S.C. § 552(a)(4)(B). Ms. Bonoweme's rights in this regard were violated when USCIS simply claimed generally in its cover letters that redacted documents fell under several FOIA exceptions without providing any further or detailed information. For example, for the "Assessment to Refer Asylum Application," USCIS only produced the first page, with no explanation whatsoever on why the remaining pages were withheld or why segregable portions were not released. This right was also violated when USCIS redacted large blocks of text and even entire pages, with conclusory statements such as "page withheld pursuant to [exemption code]."

59. USCIS's failure to produce the documents is therefore a constructive denial and unlawful withholding of the records.

60. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendants will continue to violate the rights of Plaintiff to receive her records under the FOIA.

**SECOND CLAIM FOR RELIEF: Violations of FOIA – April 2, 2019 FOIA Request**

61. Plaintiff realleges and incorporates by reference all preceding paragraphs.

62. Defendants DHS and USCIS violated FOIA and DHS's FOIA regulations in multiple respects by failing to provide Ms. Bonoweme with a full and adequate response to her

April 2, 2019 FOIA request and appeals,[3] including but not limited to the following.

63. Defendants DHS and USCIS violated Ms. Bonoweme's rights under FOIA by failing to comply with the Act's decision deadlines and by thus constructively withholding information responsive to the FOIA requests and appeals. Defendants took over one year and nine months to provide the responsive documents, and further responsive documents remain outstanding.

64. Ms. Bonoweme has a statutory right to the records she seeks, which are "agency records" within the meaning of FOIA, and there is no legal basis on which to apply any of FOIA's nine disclosure exemptions. 5 U.S.C. § 552(b)(l)-(9).

65. Defendants DHS and USCIS violated Ms. Bonoweme's rights under FOIA by unlawfully withholding records and portions of records responsive to her FOIA requests and appeals.

66. USCIS failed to adequately state the reasons for withholding documents and portions of documents. Ms. Bonoweme has a statutory right to have USCIS establish why a piece of redacted information is exempted from release. 5 U.S.C. § 552(a)(4)(B). Ms. Bonoweme's rights in this regard were violated when USCIS simply claimed generally in its cover letters that many redacted documents falls under several FOIA exceptions without providing any further or detailed information. This right was also violated when USCIS redacted large blocks of text and even entire pages, with conclusory statements such as "page withheld pursuant to [exemption code]."

67. USCIS's failure to produce the documents is therefore a constructive denial and unlawful withholding of the records.

---

[3] This includes: FOIA request NRC2019515774, ICE referral 2020-ICFO-69168, and FOIA appeal APP2019500692.

68. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendants will continue to violate the rights of Plaintiff to receive her records under the FOIA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Declare that Defendants' failure to provide Plaintiff with a full and adequate response to the FOIA requests violates the FOIA, 5 U.S.C. § 552(a)(6).

C. Order Defendants to immediately and fully provide Plaintiff with all records responsive to her request.

D. Award Plaintiff her reasonable costs, litigation expenses, and attorney's fees incurred in prosecuting this civil action, under the FOIA, 5 U.S.C. § 552(a)(4)(E) and all other applicable authorities.

E. Grant such other and further relief as the Court deems just and proper.

Dated this 5th date of February, 2021.

    Respectfully submitted,
    s/ Kristin F. Ruether
    Of Attorneys for Plaintiff